CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JAN 20 2009
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHNATHAN CRAIG,<br>    Plaintiff, | Civil Action No. 7:08-cv-00528 |
| v. | **MEMORANDUM OPINION** |
| WARDEN BRYAN B. WATSON, et al.,<br>    Defendants. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Plaintiff Johnathan Craig, a Virginia prisoner proceeding pro se, brings this civil rights action, pursuant to 42 U.S.C. § 1983. Craig names as defendants Bryan B. Watson, warden of Wallens Ridge State Prison (WARSP), and Sergeant. J. Carico, Correctional Officer Bohnert, and Institution Hearing Officer (IHO) Hensely, WARSP staff. Craig claims that the defendants violated his Eighth and Fourteenth Amendment rights. After carefully reviewing the complaint, I find that Craig failed to state a claim upon which relief may be granted, and I dismiss the complaint, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Craig specifically alleges the following facts occurred while he was incarcerated at WARSP. Sergeant Carico ordered another correctional officer to pull Craig out of the dinner line on November 27, 2007. Carico believed that Craig had cut ahead of other inmates waiting in line. Carico subsequently escorted Craig to a segregation pod and charged Craig with "threatening bodily harm." Craig filed a complaint to the assistant warden, but Craig did not receive a response. Craig also filed a grievance, but staff rejected it because disciplinary procedures cannot be reviewed by a grievance.

IHO Hensely found Craig guilty of the threatening bodily harm charge. Hensely refused Craig's request to review video camera footage, which Craig claims violated his due process.

Craig appealed Hensely's decision to Watson, who affirmed the decision. Craig appealed Watson's decision to the Western Regional Director, who stated that he does not review a charge of threatening bodily harm unless it violates departmental rules.

Craig also claims that the defendants violated his Eighth Amendment rights on December 20, 2007. Correctional Officer Bohnert served Craig his dinner tray through the tray slot in his cell door. Craig told Bohnert that strands of hair were on his rice. Bohnert told Craig to eat the hair because it is protein and probably his own hair. Craig screamed at Bohnert through the door, pressed the intercom button, and began kicking the door. Craig told Bohnert that he better get someone to fix Craig's meal before get gets "pissed off." Bohnert then radioed other officers, telling them that Craig threw something at him and that it might be urine. Staff subsequently charged Craig with "throwing bodily waste." Later that day, Bohnert told Craig that he would place his bodily wastes on Craig's next dinner tray.

On January, 3, 2008, IHO Hensely found Craig guilty of throwing bodily wastes and rejected Craig's request to call a sergeant to the hearing to make sure all the paperwork had been properly served. Hensely sentenced Craig to thirty days of isolation. Craig appealed, and Watson affirmed the ruling after relying on erroneous information that Craig did not request witnesses and an advisor. Craig appealed Watson's decision to the Western Regional Director, who stated that he does not review a charge of throwing bodily fluids unless it violates departmental rules.

II.

I am required to dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28

U.S.C. §§ 1915(e)(2), 1915A(b)(1). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief," and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level[.]" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964, 1965 (2007) (internal quotation marks omitted). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Although I liberally construe pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

A.

The Eighth Amendment of the United States Constitution protects inmates from cruel and unusual living conditions. Wilson v. Seiter, 501 U.S. 294, 296-97 (1991). However, inmates are not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement. Rhodes v. Chapman, 452 U.S. 337, 347-52 (1981). To state a claim of constitutional significance, inmates must allege facts that show that the conditions have created an unreasonable risk of serious injury or that the inmates have either sustained a serious

3

or significant physical or emotional injury resulting from the challenged conditions of confinement. Helling v. McKinney, 509 U.S. 25, 35-36 (1993); Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993). Inmates must also allege facts showing that prison officials acted with deliberate indifference. Strickler, 989 F.2d at 1379.

However, mere allegations of unsanitary conditions without showing any deleterious effects fail to state a claim under the Eighth Amendment. White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993). Even if strands of hair were on top of his rice, Craig does not allege any resulting deleterious effect. Furthermore, verbal harassment of inmates by prison officials, without more, does not rise to the level of an Eighth Amendment violation. Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979), cited with approval in, Moody v. Grove, 885 F.2d 865, 1989 WL 107004, at *1 (4th Cir. 1989) (table) (unpublished); see Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991) (stating that the Constitution does not protect against all intrusions on one's peace of mind); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (calling an inmate an obscene name did not violate constitutional rights); Lamar v. Steele, 698 F.2d 1286, 1287 (5th Cir. 1983) (per curiam) (observing that "[t]hreats alone are not enough" and that a § "1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation"). Therefore, Craig's claims that hair was in his rice and that Bohnert said he would put bodily fluids in his food are insufficient to state a constitutional claim upon which relief can be granted. Accordingly, I dismiss this claim, pursuant to § 1915A(b)(1).

B.

To prove a due process claim, an inmate "must first demonstrate that [he] [was] deprived of life, liberty, or property by governmental action." Beverati v. Smith, 120 F.3d 500, 502 (4th

4

Cir. 1997). In order to show the deprivation of a liberty interest, an inmate must demonstrate either that the conditions exceed the sentence imposed in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force or that the confinement creates an atypical or significant hardship and that the state granted its inmates, by regulation or by statute, a protected liberty interest in remaining free from that confinement or restraint. Sandin v. Conner, 515 U.S. 472, 483-84 (1995).

Craig's disciplinary conviction and subsequent placement in segregation are insufficient bases to create a due process claim. Changes in Craig's "location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and] are contemplated by his original sentence to prison[.]" Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). In Beverati, the Fourth Circuit held that segregating inmates for more than six months with more severe restrictions than those complained of by Craig did not trigger any federal due process interest. 120 F.3d at 504. Therefore, Hensely's order that Craig serve thirty days in isolation did not violate Craig's constitutional rights. See, e.g., In re Long Term Admin. Segregation of Inmates Designated as Five Percenters, 174 F.3d 464, 471 (4th Cir. 1999) (indefinite duration of the segregation does not render penalty unconstitutional).

Furthermore, violations of a state disciplinary hearing's due process requirements under state regulations are insufficient to give rise to any federal due process claim. See Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that a state official's failure to abide by state procedural laws or regulations does not present a federal due process issue); Brandon v. District of Columbia Bd. of Parole, 823 F.2d 644, (4th Cir. 1987) ("[T]he mere fact

5

that the government has established certain procedures does not mean that the procedures thereby become substantive liberty interests entitled to federal constitutional protection under the Due Process Clause."). Even if Hensely violated state procedural regulations for disciplinary hearings, those violations do not create a federal cause of action under the Fourteenth Amendment. Moreover, Craig does not have a constitutional right to participate in grievance proceedings. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Therefore, I find that Craig's allegations do not state a claim under Sandin that he has been deprived of a federally protected liberty interest without due process. Accordingly, Craig's complaint fails to state a claim upon which relief can be granted, and I dismiss this claim, pursuant t to § 1915A(b)(1).

III.

For the foregoing reasons, I dismiss Craig's complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 20th day of January, 2009.

/s/ Jackson L. Kiser
Senior United States District Judge

6

Case 7:08-cv-00528-JLK-mfu   Document 4   Filed 01/20/09   Page 6 of 6   Pageid#: 18